***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The competent evidence adduced at hearing engenders the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held on December 16, 2004.
2. Plaintiff alleges that he has been unfairly denied an opportunity to obtain gain time during his sentence due to physical disabilities.
3. Defendant moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff alleged constitutional violations and intentional acts, not negligent acts.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Plaintiff's Affidavit and argument at hearing shows alleged constitutional violations and intentional acts on the part of defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER